# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RODOLFO VALENZUELA,<br><br>    Plaintiff,<br><br> vs.<br><br>FRANCOIS ALVANDI, *et al.*,<br><br>    Defendants. | Case No.: 2:24-cv-00760-GMN-BNW<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

   Pending before the Court is the Motion to Dismiss, (ECF No. 23), filed by Defendants Francois Alvandi, Shawn Denard, Marie Price, and Ramona Thomas. Plaintiff Rodolfo Valenzuela did not file a response, and the time to do so has passed. For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss but gives Plaintiff leave to amend the parties.

## I. BACKGROUND

   This case arises from Defendants' alleged discrimination and retaliation against Plaintiff while he was employed at AMPM Gas Station in violation of Title VII of the Civil Rights Act of 1964 and several state law causes of action. (*See generally* First Am. Compl. ("FAC"), ECF No. 20). Defendants are individual employees and supervisors at AMPM Gas Station. (*Id.*). AMPM Gas Station was named as a defendant in Plaintiff's original Complaint but was removed from this lawsuit in Plaintiff's First Amended Complaint. (*Compare* Compl., Ex A to Pet. Removal, ECF No. 1-1 *with* FAC). Defendants now move to dismiss Plaintiff's FAC, arguing Title VII does not allow for individuals to be held personally liable for discrimination. (*See generally* Mot. Dismiss, ECF No. 23).

1

## II.   <u>LEGAL STANDARD</u>

2

3    Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

4    which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell*

5    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally

6    cognizable claim and the grounds on which it rests, and although a court must take all factual

7    allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*,

8    550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a

9    formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion

10   to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

11   to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

12   *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

13   content that allows the court to draw the reasonable inference that the defendant is liable for the

14   misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant

15   has acted unlawfully." *Id.*  Moreover, pursuant to Rule 15(a), the court should "freely" give

16   leave to amend "when justice so requires," and in the absence of a reason such as "undue delay,

17   bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

18   amendments previously allowed undue prejudice to the opposing party by virtue of allowance

19   of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

20   At the outset, the Court notes that Plaintiff failed to respond to the Motion to Dismiss.

21   Under Nevada Local Rule 7-2(d): "The failure of an opposing party to file points and

22   authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for

23   attorney's fees, constitutes a consent to the granting of the motion."  "On its own, Plaintiff's

24   failure to file points and authorities in opposition to a motion constitutes consent that the

25   motion be granted." *Gonzalez v. Bank of Am., N.A.*, No. 2:13-cv-00460, 2013 WL 3877708, at

*2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)).  Notwithstanding Plaintiffs' failure to oppose the Motion, the Court addresses the merits of Defendants' request to dismiss Plaintiff's case.

As stated, Defendants argue that Plaintiff cannot sue the individual employees for employment discrimination. (*See generally* Mot. Dismiss).  Title VII prohibits employers from engaging in discriminatory employment practices. *See* 42 U.S.C. § 2000e-2.  It is well settled that individual employees cannot be held personally liable for violations of Title VII of the Civil Rights Act. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Holly D. v. California Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees.").  Thus, individual employees, including supervisors, are not construed as employers for purposes of the statute and may not be sued under Title VII of the Civil Rights Act. *Sherez v. State of Hawaii Dept. of Educ.*, 396 F.Supp.2d 1138, 1145 (D. Haw. 2005).  Accordingly, Plaintiff's Title VII claim is DISMISSED with prejudice against Defendant employees because he cannot sue individual employees/manager under the statute.  However, the Court gives Plaintiff leave to amend his complaint to reallege his discrimination claim against AMPM Gas Station because he named AMPM Gas Station in his first complaint.

///
///
///
///
///
///
///
///

**IV.**        **<u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 23), is **GRANTED.**  Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE as to the individual employees, but Plaintiff is granted leave to amend to reallege his discrimination claim against employer AMPM Gas Station.

**IT IS FURTHER ORDERED** that Plaintiff shall have until November 15, 2024, to file his Second Amended Complaint identifying the parties he wishes to sue.

**DATED** this   28   day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT